UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARLYS KRAUEL,

    Plaintiff,

v.
                                  CASE NO.:

INSPEC INTERNATIONAL, INC.
d/b/a HOUSEMASTER,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ARLYS KRAUEL ("Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, INSPEC INTERNATIONAL, INC. d/b/a HOUSEMASTER, a Florida Profit Corporation ("Defendant") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff was a resident of Collier County, Florida.

1

4. At all times material to this action, Defendant INSPEC INTERNATIONAL, INC. d/b/a HOUSEMASTER was, and continues to be, a Florida Profit Corporation, and is engaged in business in Collier County, Florida.

5. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. Defendant was, and continues to be, "employer" within the meaning of the FLSA.

9. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, office supplies and equipment used in its home inspection business.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

13. On or around May 10, 2008, Defendant hired Plaintiff to work as a non-exempt, hourly paid, office support staff employee for Defendant's home inspection company.

14. Plaintiff's job duties included, but were not limited to, scheduling inspections for the company.

15. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

16. Through April or May of 2016, Plaintiff was permitted to accurately record her hours, but Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

17. After April or May 2016, Plaintiff was only paid for forty hours of work, as she was no longer permitted to accurately record her weekly hours, even though she worked many overtime hours, including several hours on the weekend, and was not paid at all for her substantial overtime hours.

18. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours in each workweek in the three years preceding the filing of the Complaint, as required by the FLSA.

19. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

20. Defendant has violated Title 29 U.S.C. §207 from approximately May

2008 through March 29, 2017, in that:

    A.    Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant;

    B.    No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff, at the statutory rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    C.    Defendant has failed to maintain proper time records as mandated by the FLSA.

21. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendant knew or reasonably should have known, that it was required to pay Plaintiff time and one half her regular rate, and knowingly or recklessly disregarded its obligation to do so.

22. Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff re-alleges paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

24. From approximately May 2008 to March 29, 2017, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

25. Plaintiff was, and is, entitled to be paid at the statutory rate of one and

one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek within the three years preceding the filing of the Complaint in this matter.

26. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

27. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when it knew, or reasonably should have known, such was, and is, due.

28. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

29. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual and liquidated damages, a declaration that Defendant's conduct violated the FLSA, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this _____ day of June, 2017.

>Respectfully submitted,
>
>*(signature)*
>
>Angeli Murthy, Esquire
>FL Bar No.: 088758
>MORGAN & MORGAN, P.A.
>600 N. Pine Island Road
>Suite 400
>Plantation, FL 33324
>Tel: 954-318-0268
>Fax: 954-327-3016
>E-mail: Amurthy@forthepeople.com
>
>*Trial Counsel for Plaintiff*