UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARLYS KRAUEL,

      Plaintiff,

v.                                                                            Case No:   2:17-cv-314-FtM-38MRM

INSPEC INTERNATIONAL, INC., PRIMA
BUILDING SYSTEMS, LLC and JOHN
PRETE,

      Defendants.

_____/

### REPORT AND RECOMMENDATION[1]

Pending before the Court is the parties' Joint Motion for Approval of Settlement

Agreement and Dismissal With Prejudice, filed on September 20, 2018.  (Doc. 45).  Plaintiff

Arlys Krauel and Defendants Inspec International, Inc. d/b/a Housemaster Prima Building

Systems, LLC ("Housemaster"), Prima Building Solutions, Inc. ("Prima Building"), and John

Prete jointly request that the Court approve the parties' settlement of the Fair Labor Standards

Act ("FLSA") wage claims asserted in this case.  After a careful review of the parties'

submissions and the court file, the Undersigned recommends approval of the proposed

settlement.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or
websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that
hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other
websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the
services or products they provide on their websites.  Likewise, the Court has no agreements with
any of these third parties or their websites.  The Court accepts no responsibility for the
availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or
directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

In the Amended Complaint, Plaintiff alleges that on May 10, 2008, Defendant Housemaster hired her to work as an office support staff employee. (Doc. 37 at 6 ¶ 37). Later, Plaintiff also performed duties for Defendant Prima-Solutions. (*Id.* at 6-7 ¶¶ 39-41). Plaintiff claims that she worked over forty (40) hours per week for Defendants, but Defendants failed to compensate her for this overtime work. (*Id.* at 7, 8 ¶¶44-47, 53). Plaintiff claims that at times she was permitted to accurately record her hours and at other times she was not. (*Id.* at 7 ¶¶ 45-46). Thus, Plaintiff claims that she is entitled to overtime payment for the hours worked in excess of forty (40) in a workweek. (*Id.* at 9 ¶ 54).

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute.

2

Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Court turns to the provisions of the Settlement Agreement and Full and Final Release of Claims (Doc. 45-1).[2]

## ANALYSIS

The parties agree that there are disputed issues concerning whether Plaintiff worked in excess of forty (40) hours in a workweek. (Doc. 45 at 2). Plaintiff claims that she worked over forty (40) hours in certain workweeks, whereas Defendants contend that Plaintiff was paid properly based upon the times she clocked in and out. (*Id.*) Defendants also claim that Plaintiff's timesheets contained numerous errors, which resulted in overpayments during a number of workweeks. (*Id.*). Further, Defendants contend that Plaintiff worked for two (2) separate entities during at least a portion of the relevant time period and these entities were not joint employers for the purposes of the FLSA. (*Id.*). Thus, even though bona fide disputes exist between the parties and to avoid the risk and expense of continued litigation, the parties decided to settle this matter. (*Id.* at 3).

Under the terms of the Settlement Agreement and Full and Final Release of Claims, Plaintiff will receive $2,000.00 representing unpaid wages and $2,000.00 in liquidated damages. (Doc. 45-1 at 7 ¶ 4). The parties agree that this amount "fairly and adequately resolves the

---

2 The Court notes that the parties filed duplicate Settlement Agreements. (*Compare* Doc. 45-1 at 2-5, *with* Doc. 45-1 at 6-12). The parties executed the second Settlement Agreement and, thus, the Court will refer to it. (*Id.* at 10-12).

claims in this matter.  The parties also agree that there was no undue influence, overreaching,

collusion,[,] or intimidation in connection with the settlement."  (Doc. 45 at 3).  Further, in

Plaintiff's Amended Answers to the Court Interrogatories, Plaintiff states that she believes she is

owed a maximum of $4,000.00 in unpaid wages.  (Doc. 46-1 at 3).  Even so, Plaintiff states the

following:

> I understand that the Defendant claims that my time should not be added together
> between the two companies I worked for, and that if they are successful in that
> argument, then I would be owed very little overtime (less than $2,000.00).  In light
> of that, I have agreed to resolve my claim for $4,000.00, (plus an amount of $5,000
> for attorneys' fees) which is reasonable to me, and preferable to the uncertain result
> of litigation going forward.

(*Id.*).  The Undersigned finds that based upon the representations of the parties, these amounts

are a fair and reasonable resolution of the claims in this action.

### ATTORNEY'S FEES

Defendants agrees to pay Plaintiff's attorney's fees and costs in the amount of $5,000.00.

(Doc. 45-1 at 7 ¶ 4).  The parties negotiated the amount of attorney's fees and costs separately,

and without regard to the amount paid to Plaintiff.  (Doc. 45 at 3, 5).  As explained in *Bonetti v.*

*Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to

insure that no conflict [of interest between an attorney's economic interests and those of his

client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's

recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed

independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the

reasonableness of the plaintiff's settlement."  In Bonetti, Judge Presnell concluded that:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a
> compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the
> terms of settlement, including the factors and reasons considered in reaching same
> and justifying the compromise of the plaintiff's claims; and (3) represents that the
> plaintiff's attorneys' fee was agreed upon separately and without regard to the

amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

In the instant case, the parties reached a settlement and agreed upon the amount of attorney's fees and costs without compromising the amount paid to Plaintiff.  (Doc. 45 at 3, 5). Thus, the Undersigned finds that the amount of attorney's fees is reasonable.

## CONCLUSION

The Undersigned finds that the Settlement Agreement and Full and Final Release of Claims (Doc. 45-1 at 6-12) appears reasonable on its face.  Accordingly, the Undersigned recommends that the Joint Motion for Approval of Settlement Agreement and Dismissal With Prejudice (Doc. 45) be granted and the Settlement Agreement and Full and Final Release of Claims (Doc. 45-1 at 6-12) be approved.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1) The Joint Motion for Approval of Settlement Agreement and Dismissal With Prejudice (Doc. 45) be **GRANTED**.

2) The Settlement Agreement and Full and Final Release of Claims (Doc. 45-1 at 6-12) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

3) If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on October 26, 2018.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions.  A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir.

R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties